## STATE v. QUINCY ROY KEA.

(Filed 7 March, 1962.)

**1. Homicide § 2—**

　　The evidence in this case held sufficient to be submitted to the jury and support the verdict of guilty of murder in the second degree.

**2. Homicide § 26;　Criminal Law § 161—**

　　An instruction in a homicide prosecution that manslaughter is an unlawful killing of a human being with malice but without premeditation and deliberation must be held for prejudicial error upon appeal from conviction of murder in the second degree, notwithstanding that in other portions of the charge the court gave a correct definition of manslaughter as the unlawful killing of a human being without malice and without premeditation and deliberation.

**3. Criminal Law § 151—**

　　The Supreme Court is bound by the record as docketed.

WINBORNE, C.J., not sitting.

APPEAL by defendant from *Burgwyn, Emergency Judge,* November Term 1961 of PENDER.

Criminal prosecution on bill of indictment charging defendant with the murder of Roscoe Lloyd. When the case was called for trial, the Solicitor announced that the State would "seek no greater verdict than that of Guilty of Murder in the Second Degree."

On Monday, June 19, 1961, defendant shot Roscoe Lloyd, who died two or three hours later from gunshot wounds so inflicted. The shooting occurred at defendant's home in Caintuck Township, Pender County, located a quarter of a mile, over a "very rough" road, from the nearest paved road. Lloyd came to defendant's home on a truck, got off the truck and approached defendant. Defendant, standing at the front door of his home, fired once, using a double-barrel, sixteen-gauge shotgun.

There was evidence tending to support defendant's contention that, incident to prior difficulties, Lloyd had threatened him and earlier that day, at the home of one George Moore, had told him he was going to kill him; that he told Lloyd twice to stop before he "grabbed it (the shotgun) and pulled the trigger"; and that, when Lloyd did not stop, he fired the shotgun solely because of his fear that Lloyd would kill him or inflict serious bodily injury.

The jury returned a verdict of "Guilty of Murder in the Second Degree." Judgment, imposing a prison sentence of "not less than fifteen years nor more than twenty years," was pronounced. Defendant appealed.

*Attorney General Bruton and Assistant Attorney General Jones for the State.*

*John W. Campbell and Napolean B. Barefoot for defendant appellant.*

PER CURIAM. It is unnecessary to review the evidence in detail. Suffice to say, when considered in the light most favorable to the State, the evidence was sufficient to support the verdict of guilty of murder in the second degree.

Defendant assigns as error, *inter alia*, this portion of the charge: "Manslaughter is the unlawful killing of a human being *with malice* but without premeditation and deliberation, as I have said to you, and is of two kinds, voluntary and involuntary. Voluntary manslaughter, as I have said, is the unlawful killing of a human being *with malice* but without premeditation and deliberation." (Our italics) Defendant's assignment of error is based on exceptions duly taken.

The challenged instruction contains obvious error. Manslaughter is the unlawful killing of a human being without malice and without premeditation and deliberation. The unlawful killing of a human being with malice, but without premeditation and deliberation, is murder in the second degree.

The court, in an earlier instruction, had given the correct definition of manslaughter. Defendant contended, if guilty at all, he was guilty of no greater crime than manslaughter. The failure, by reason of the conflicting instructions, to draw clearly and accurately the distinction between murder in the second degree and manslaughter must be held sufficiently prejudicial to entitle defendant to a new trial.

Whether the erroneous instruction is attributable to an error in taking or transcribing the charge, or to "a slip of the tongue," we must base decision on the record as it comes to us.

New trial.

WINBORNE, C.J., not sitting.